**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| AMINTA VAZQUEZ-RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CESAR MIRANDA, et al.,<br><br>Defendants. | Civil No. 16-2019 (DRD) |

## OPINION AND ORDER

Plaintiff Aminta Vazquez-Rodriguez ("Plaintiff") filed suit against Cesar Miranda ("Miranda"), Vance Thomas ("Thomas"), and Ivan Clemente-Delgado ("Clemente Delgado")(collectively, "Defendants"), all in their official capacity. Plaintiff alleges disability discrimination in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and 42 U.S.C. § 12102(3)(A); the Rehabilitation Act, 29 U.S.C. § 701, et seq.; Puerto Rico Law No. 100 of 1959, 29 L.P.R.A. § 146, *et seq.* ("Law 100"); Puerto Rico Law No. 44 of 1985, 1 L.P.R.A. § 502 ("Law 44"); and Articles 1802 and 1803 of the Civil Code, 31 L.P.R.A. §5141-5142 ("Articles 1802 and 1803"). Pending before the Court is Defendants' *Motion to Dismiss* (Docket No. 17). For the reasons elucidated below, the Court **GRANTS** Defendants' motion.

### I.  FACTUAL BACKGROUND[1]

Plaintiff is an employee of the Puerto Rico Vocational Rehabilitation Administration ("VRA), a government agency that rehabilitates disables persons in order to facilitate their integration into the workforce. From April 1, 2010, Plaintiff has served as a Vocational Counselor at the VRA, despite her diagnoses of scoliosis and phocomelia, conditions that affect her balance and ability to walk. Plaintiff performs

---

[1] The facts outlined below are neither exhaustive nor indicative of all the factual allegations set forth in the complaint. The facts, as outlined, simply relate to the arguments set forth in the pending motion to dismiss.

1

her duties adequately, despite her conditions. Among her duties, Plaintiff handles large, heavy files pertaining to her large caseload.

Plaintiff is also a consumer of the VRA due to her conditions. Plaintiff has an Individualized Employment Plan ("Plan") since 2013. The plan optimizes Plaintiff's experience in the workforce, providing her with necessary equipment and accommodations that enable her to fulfill her duties at work.

On August 9, 2013, Plaintiff submitted a prescription to the VRA. The prescription ordered Plaintiff be provided an ergonomic chair to alleviate Plaintiff's scoliosis-related pain. A VRA therapist subsequently evaluated plaintiff. The therapist recommended additional accommodations for Plaintiff, including an ergonomic mouse, footrest, briefcase, and a full-time assistant to aid Plaintiff in managing her VRA caseload. Plaintiff notified the VRA of these requests for accommodations verbally and in writing.

On February 24, 2014, Ana Burgos-Aponte ("Burgos-Aponte"), a Rehabilitation Counselor with the VRA, advised Plaintiff to amend her Individualized Employment Plan to include counseling services, orientation in the workplace, and a prosthesis Plaintiff had already requested prior to meeting with Burgos-Aponte. On March 28, 2014, Limiarie Figueroa, a VRA supervisor for the Bayamon region, sent Burgos-Aponte a letter detailing the reasons Plaintiff needed the requested accommodations. On July 23, 2014, Plaintiff filed a grievance against the VRA with the "Sindicato de Empleados de Rehabilitacion Vocacional" ("Syndicate") for the VRA's failure to accommodate her as requested.

On September 16, 2014, Plaintiff fell at the workplace, purportedly due to the deterioration of her prosthesis. The deterioration is allegedly due to Plaintiff having to alter her gait in order to preserve her balance. Plaintiff was referred to the workers compensation administration, "Corporacion del Fondo del Seguro del Estado" ("CFSE"). On January 30, 2015, Plaintiff fell again in the workplace. The fall caused her prosthesis to break and caused acute tendonitis in her right ankle. Plaintiff was confined to a wheelchair for two months.

On February 19, 2015, Plaintiff filed a new prescription and quote for a prosthesis for approval by her private medical provider, First Medical. Price quotes for prostheses are valid for thirty (30) days. On February 20, 2015, Plaintiff requested the prosthesis to the VRA. On March 30, 2015, Plaintiff received a preliminary response from the VRA. However, by that time, the initial quote for the prosthesis had expired.

On December 29, 2016, Plaintiff filed a charge with the EEOC alleging disability discrimination. The EEOC issued a right to sue letter on March 7, 2016.

## II. PROCEDURAL HISTORY

On June 4, 2016, Plaintiff filed suit against Defendants (Docket No. 1). On September 28, 2016, Plaintiff amended her complaint (Docket No. 6) and alleged violations to the ADA, the Rehabilitation Act, Law 100, Law 44, and Acts 1802 and 1803 of the Puerto Rico Civil Code. Plaintiff avers the VRA discriminated against her by failing to provide her the requested reasonable accommodations and, as a result, she has suffered severe mental and physical anguish.

On January 11, 2017, Defendants moved to dismiss (Docket No. 17) Plaintiff's complaint. Defendants posit the complaint is time-barred under all the statutes of limitations governing Plaintiff's myriad of claims. Defendants alternatively argue that the Rehabilitation Act does not cover Plaintiff's cause of action, that Plaintiff has not made any factual allegations against Miranda or Thomas, and that the Eleventh Amendment bars all of Plaintiff's claims for monetary damages.

On January 25, 2017, Plaintiff opposed the Defendants' motion (Docket No. 20). Plaintiff alleges the continuous violation doctrine applies to the facts of her case and, therefore, her EEOC claim was timely filed. Plaintiff also pleads for the Court to find her eligible for eligible tolling and hold the case is not time-barred. Finally, Plaintiff clarified that her prayers for injunctive relief survive Defendants' Eleventh Amendment challenge while seemingly conceding that her claims for money damages are precluded.

## III. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own

"judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 n. 6 (2012)(emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

5

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

## III.   LEGAL ANALYSIS

### A.  What is Plaintiff Claiming?[2]

The most important question before the Court is when the clock begins to tick on Plaintiff's claims. Plaintiff's complaint is wanting in organization and clarity and, therefore, the Court's path to answering said question is somewhat treacherous. Plaintiff did not specify whether her claims were for harassment in the workplace or failure to accommodate. Upon close reading of the complaint, however, the only plausible allegations made by Plaintiff are for failure to provide reasonable accommodation. Plaintiff's remark, in passing, that "Defendant harasses Plaintiff in her workplace," Docket No. 6, ¶5.5, is insufficient to raise a plausible claim for relief for anything other than failure to accommodate. Without specifying which Defendant harassed her and how she was harassed, Plaintiff's remark is nothing more than a threadbare, conclusory allegation. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court finds Plaintiff is attacking the VRA's failure to accommodate her disabilities.

To succeed on a failure to accommodate claim under either Titles I and II of ADA or the Rehabilitation Act[3], Plaintiff must allege "(1) that she suffered from a 'disability' within the meaning of the statute; (2) that

---

[2] In the first paragraph of her complaint, Plaintiff alleges jurisdiction in her case is based, in part, on the "Equal Amendment Clause under the Constitution of the United States of America (sic)." Docket No. 6. The Court understands this as stating a claim under the Equal Protection Clause of the Constitution. However, that claim is not developed and no allegations were made under that cause of action. The argument is, therefore, waiver. *See, e.g.*, *Willhauck v. Halpin*, 953 F.2d 689, 700 (1st Cir. 1991) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.").

[3] The Court notes the redundancy of suing under all three statutes, particularly because the elements of each claim are almost identical and Plaintiff cannot recover any money damages for her claims because she sued the three Defendants in their official capacity. *See Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 290 n. 18 (1st Cir. 2006)(Holding that suing an individual in his official capacity is akin to suing the state.). Eleventh Amendment Immunity therefore, bars Plaintiff's claims for money damages, as the VRA is an arm of the state. *See Torres–Alamo v. Puerto Rico,* 502 F.3d 20 (1st Cir.2007); *see also Cardona–Roman v. Univ. of P.R.,* 799 F.Supp.2d 120, 129 (D.P.R.2011) (finding ADA employment discrimination suit against the University of Puerto Rico was barred by Eleventh Amendment immunity). However, Plaintiff's claim for equitable relief, i.e. reasonable accommodation, may proceed. *See, e.g., Ex parte Young,* 209 U.S. 123, 159–60 (1908). Plaintiff's claims for money damages are **DISMISSED**.

she was a qualified individual in that she was able to perform the essential functions of her job, either with or without a reasonable accommodation; and (3) that, despite her employer's knowledge of her disability, the employer did not offer a reasonable accommodation for the disability." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 20 (1st Cir. 2004)(citing *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir.2002) and *Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 264 (1st Cir.1999)). Nevertheless, at the motion to dismiss stage, the Court shall be flexible, as no single allegation must establish a particular element provided that the allegations in the complaint make the reasonable accommodation claim plausible. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014)("The plausibility standard governs on a motion to dismiss. So, '[n]o single allegation need [establish] ... some necessary element [of the cause of action], provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible.'")(quoting *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 14–15 (1st Cir. 2011)). Most importantly, Defendants challenge Plaintiff's complaint on grounds of timeliness, not of plausibility. For purposes of this motion, the Court will proceed as if Plaintiff's claims are plausible. However, are they timely?

### B. Was Plaintiff's EEOC Charge Filed within the Statute of Limitations Period?[4]

Plaintiff has filed claims under both Titles I and II of the ADA, as well as the Rehabilitation Act. The Court first discusses the applicable statute of limitation for each statute.

*Title I of ADA*

Title I of the ADA "prohibits an employer from discriminating against a qualified person with a disability in regard to 'job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment' because of

---

[4] As a threshold issue, the Court holds Plaintiff is ineligible for the expanded four-year statute of limitations because her claims were not "made possible" by the 2008 amendments to the ADA as the remedies Plaintiff is seeking were available from the statute's inception. *See Mercado v. Puerto Rico*, 814 F.3d 581, 591 (1st Cir. 2016)(holding the four-year statute of limitations provided by 28 U.S.C. §1658 applies only in disability discrimination cases that were "made possible" by the 2008 amendments to the ADA).

his or her disability or perceived disability." *Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 186 (1st Cir. 2011)(quoting 42 U.S.C. § 12112(a).

Prior to filing suit in federal court, Title I requires that claimants file an administrative charge with a state or federal anti-discrimination agency.[5] *See Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 277 (1st Cir.1999). Generally, "the complainant first file an administrative charge with the EEOC within a specified and relatively short time period (usually 180 or 300 days) after the discrimination complained of, and that the lawsuit be brought within an even shorter period (90 days) after notice that the administrative charge is dismissed, or after the agency issues instead a right to sue letter." *Martinez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 77 (1st Cir. 2016)(citing 42 U.S.C §§ 2000e–5(e)(1) and (f)(1)). However, in Puerto Rico, a claimant may also file a charge with the Anti-Discrimination Unit of the Department of Labor and Human Resources, which operates as the functional equivalent of an EEOC charge for statute of limitations purposes. *See Rivera Diaz v. Exec. Airlines, Inc.*, 413 F. Supp. 2d 36, 41 (D.P.R. 2006)(citing *Colón Quiles v. American Airlines,* 133 F.Supp.2d 151, 156 (D.P.R.2001)). Both charges, however, must be filed within the proscribed 180 or 300-day terms.

***Title II of ADA and the Rehabilitation Act[6]***

Plaintiff also filed suit under Title II of the ADA as a consumer of the VRA and under the Rehabilitation Act. Title II prohibits "discrimination by governmental entities in the operation of public services, programs, and activities." *Toledo v. Sanchez,* 454 F.3d 24, 30 (1st Cir.2006). Title II provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

---

[5] Neither Title II nor the Rehabilitation Act have an exhaustion requirement. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999)("Title II incorporates the Rehabilitation Act's provisions, which do not require an employee to pursue any administrative relief.").
[6] Courts have applied the same statute of limitations to claims under Title II and the Rehabilitation Act as both statutes are virtually identical. *See Toledo-Colon*, 812 F. Supp. 2d at 120.

9

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* at 31 (quoting 42 U.S.C. § 12132).

"Title II of the ADA and the Rehabilitation Act do not establish a limitations period." *Toledo-Colon v. Puerto Rico*, 812 F. Supp. 2d 110, 119–20 (D.P.R. 2011)(citing *Vargas Alicea v. Consortium of Mayaguez/Las Marias,*360 F.Supp.2d 367, 370 (D.P.R.2005) and *Downs v. Mass. Bay Transp. Auth.,* 13 F.Supp.2d 130, 136 (D.Mass.1998)). Instead, courts generally "borrow the statute of limitations applicable to the most analogous state-law claim, so long as "it is not inconsistent with federal law or policy to do so." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015)(citing *Wilson v. Garcia,* 471 U.S. 261, 266–67 (1985) and *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017)("Because Title II of the ADA does not contain a statute of limitations, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim."). Some courts have also borrowed the statute of limitations for personal injury claims in the state. *Hall v. Minner*, 411 F. App'x 443, 445 (3d Cir. 2011)("[T]he statute of limitations applicable to claims under Title II of the ADA ... is the statute of limitations for personal injury actions in the state in which the trial court sits."). Because Puerto Rico's analogous disability discrimination statute and its personal injury statute share the same one-year statute of limtiations, the Court need not go any further. *See Skidmore v. Am. Airlines, Inc.,* 198 F.Supp.2d 131, 135 (D.P.R.2002); *see also Olmo v. Young & Rubicam of Puerto Rico,* 110 D.P.R. 740, 745–48, 10 Official Translations 965, 971–75 (1981)(Holding for the first time that employment discrimination cases in Puerto Rico are subject to one-year statutes of limitations.). The statute of limitations for Plaintiff's Rehabilitation Act and Title II claims is one year.

***Timing of the Claims***

"Under federal law, the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis for his claim.'" *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 96–97 (1st Cir.2004) (quoting *Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 41 n. 5 (1st Cir.1990)).

Therefore, the Court needs to establish where Plaintiff realized her employer had fail to accommodate her as necessary. Again, a task made difficult by Plaintiff's wanting pleadings. For clarity purposes, the Court furnishes the reader with a timeline of the allegations in the complaint[7]:

| Date | Occurrence |
| --- | --- |
| April 1, 2010 | Plaintiff is hired by the VRA. |
| Sometime before August 9, 2013 | Plaintiff is assigned an Individualized Employment Plan by the VRA. |
| August 9, 2013 | Plaintiff submits her request for an ergonomic chair to the VRA. |
| Sometime before February 24, 2014 | Plaintiff is evaluated by a therapist who recommends additional accommodations be made, including a full-time assistant. |
| February 24, 2014 | Burgos-Aponte advises Plaintiff to amend her Individualized Employment Plan to include counseling services, orientation, and a prosthesis. |
| March 28, 2014 | Limarie Figueroa writes Burgos-Aponte on Plaintiff's behalf detailing the reasons Plaintiff needs the requested accommodations. |
| July 23, 2014 | Plaintiff files a grievance against the VRA with the Syndicate for failure to accommodate her requests. |
| February 20, 2015 | Plaintiff requests a prosthesis, prescribed by Dr. Guillermo Amy, to the VRA. |
| March 30, 2015 | Plaintiff receives preliminary response to her request for a prosthesis but, by this time, her initial quote for the prosthesis had expired. |

---

[7] In her opposition to Defendants' motion, Plaintiff alleges a hostile working environment at the VRA as well as several additional remarks regarding her coworkers' lack of compassion for her condition. Plaintiff did not include these allegations in the complaint and the Court will not consider them in our analysis.

From the facts above, the Court is not entirely satisfied that Plaintiff has pled any discriminatory animus by her employer. If anything, Plaintiff has alleged the plague which has befallen Puerto Rico's state government—inattention, inaction, and inefficiency. Nevertheless, assuming *arguendo* that the VRA held discriminatory animus towards Plaintiff, the Court finds the July 23, 2014 grievance is proof that Plaintiff was aware the VRA had aggrieved her by not accommodating her. The Court holds July 23, 2014 is the latest date where Plaintiff knew or should have known that the VRA had wronged her by not accommodating her disabilities.

Plaintiff appears to suggest the March 30, 2015 response to her prosthesis request is a discrete discriminatory act that would delay the starting gun. However, Plaintiff's discussion of this incident in her complaint contains no allegation of discriminatory animus. Merely stating that the VRA answered her request outside of the term during which her quote was valid is not sufficient to plausibly plead discriminatory animus. Therefore, the Court finds the limitations period for Plaintiff's claims commenced on July 23, 2014.[8] Plaintiff's filing of her EEOC claim in December 2016 is, therefore, well outside the limitations period for all of her claims, including the one-year statute of limitations for Title II and Rehabilitation Act claims.

### C. Should the Court apply the Continuous Violation Doctrine?

Prior to dismissing Plaintiff's claims, the Court must address Plaintiff's arguments that she warrants the application of the "continuous violation doctrine." *See generally Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 33 (1st Cir. 2009)(Explaining the continuous violation doctrine in its two forms—serial and systemic.). However, the First Circuit held that, "[t]he denial of a disabled employee's request for accommodation starts

---

[8] In ¶3.24 of the Complaint, Plaintiff avers her "immediate supervisor, Norma Rodriguez began to boycott the medical treatment," every time Plaintiff "needed to go to her medical appointments." Docket No. 6. Plaintiff provides no dates or further factual allegations that illustrate the approximate time when Norma Rodriguez purportedly interfered with Plaintiff's treatment. The most obvious assumption is that this occurred prior to the filing of the grievance with the Syndicate. However, the Court need not make this assumption as this is merely a threadbare allegation that has no specificity regarding dates, times, or the conduct that led Plaintiff to conclude Norma Rodriguez was boycotting her medical treatment. The Court affords this allegation no weight. See. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)(A complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss.).

the clock running on the day it occurs." *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 130–31 (1st Cir. 2009). "Such a denial is a discrete discriminatory act that, like a termination, a refusal to transfer, or a failure to promote, does not require repeated conduct to establish an actionable claim." *Id.* Therefore, despite the VRA never having explicitly denied Plaintiff's reasonable accommodation, their failure to provide the accommodations and Plaintiff's subsequent filing of her union grievance fixed the beginning of the limitations period squarely on June 23, 2014. On that date, Plaintiff outwardly expressed her perception that the VRA had aggrieved her by failing to provide her reasonable accommodation and, therefore, the clock began to run on her claim. *See Menendez v. Scotiabank of Puerto Rico, Inc.,* 321 F.Supp.2d 273, 282 (D.P.R. 2004) (finding that continuous violations are not found when the "plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place."); *see also Tobin*, 553 F.3d at 131 ("[Plaintiff's] claim turns solely on whether an actionable denial of his request for accommodations occurred during the limitations periods.").

### D. Did Plaintiff toll the Statue of Limitations?[9]

The final question is whether Plaintiff's actions with the Syndicate tolled the statute of limitations. The Supreme Court, as well as several Circuit Courts, have explicitly held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980)(citing *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976)); *see also Woodruff v. Nat'l R.R. Passenger Corp.*, 403 F. App'x 624, 625 (2d Cir. 2010)("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."); *Foster v. Gonzales*, 516 F. Supp. 2d 17, 24

---

[9] Plaintiff spilled a large amount of ink on arguing the statute of limitations had been tolled by relying on Puerto Rico's tolling provisions in personal injury cases. At the risk of stating the obvious, this is not a personal injury case under Puerto Rico law heard in diversity. *See Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.*, 145 F.3d 463, 478 (1st Cir. 1998)("In general terms, a federal court sitting in diversity applies the substantive law of the forum state and federal procedural rules."). The instant case is before the Court under federal question jurisdiction and, accordingly, federal employment and discrimination law governs.

(D.D.C. 2007)(same); and *West v. Mississippi Dept. of Public Safety,* 37 Fed.Appx. 712 (5th Cir.2002)(same). Consequently, Plaintiff did not toll the statute of limitations by filing her grievance with the Syndicate.[10]

### IV. CONCLUSION

Plaintiff filed her claims over one-year after she knew or should have known the VRA had wronged her by failing to accommodate her. Plaintiff also failed to toll the statute of limitations and, similarly, failed to allege a continuous violation that would render her claims timely. Accordingly, Defendants' *Motion to Dismiss* (Docket No. 17) is **GRANTED**. As such, Plaintiff's official capacity claims against Ivan Clemente-Delgado under Titles I and II of the ADA and the Rehabilitation Act are **DISMISSED WITH PREJUDICE**. Additionally, Plaintiff's complaint is absolutely devoid of factual allegations against Defendants Cesar Miranda and Vance Thomas. Because neither Miranda nor Thomas is tasked with overseeing the VRA nor are they active participants in any of its operations, all claims against the aforementioned defendants are **DISMISSED WITH PREJUDICE**.

As no viable federal causes of actions remain, Plaintiff's state law claims are hereby **DISMISSED WITHOUT PREJUDICE.** "[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'" *Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010)(*quoting* 28 U.S.C. § 1367(c)(3)); *see also Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1176 (1st Cir. 1995)(finding that dismissal of supplemental state actions without prejudice is appropriate where there is an "unfavorable disposition of a plaintiff's federal claims" before trial). Although "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims," the usual case will point toward declining to exercise jurisdiction

---

[10] The Court also holds Plaintiff did not develop her argument regarding the applicability of equitable tolling. Plaintiff limited her discussion to pleading with the Court to apply the doctrine without providing any reasoning or factual backing for her claim and, therefore, her argument is waived. *See Martinez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 79 (1st Cir. 2016)(Holding that "insufficiently-developed arguments are waived.").

over the remaining state-law claims when the Court balances the factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity. *Id.* at 1176; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Judgment to be entered in a manner consistent with this opinion.[11]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of August, 2017.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[11] The Court must point out the ironic nature of the allegations made against the VRA, an agency tasked with accommodating disabled persons and integrating them into the workforce. Nevertheless, the Court stresses it has only disposed of the claims alleged by Plaintiff in her complaint. This *Opinion and Order* shall not be construed as abridging any rights available to Plaintiff for future discrimination at the hands of her employer. In the event Plaintiff suffers any additional discriminatory acts, the Court encourages Plaintiff to file a timely charge with the EEOC and properly plead her damages in a new complaint.